NAME GAME IP, PC
HILLARY I. SCHROEDER, Cal. Bar. No. 281833
6805 Santa Monica Blvd #14544
West Hollywood, CA 90069
Telephone: (773) 439-9884
*hillary@namegameip.com*

Attorneys for Plaintiff
ALO, LLC

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALO, LLC, <br><br> Plaintiff, <br><br> v. <br><br> BORIS BURGOS, an individual, JB BROS DEALS FINAL SALE, a business, JOHN DOES 1-2, businesses, and JOHN DOES 3-7, individuals, <br><br> Defendants | Case No. 26-4880 <br><br> **COMPLAINT FOR** <br><br> **1) FEDERAL TRADEMARK INFRINGEMENT – COUNTERFEIT GOODS (15 U.S.C. § 1114);** <br><br> **2) FEDERAL FALSE DESIGNATION OF ORIGIN – COUNTERFEIT GOODS (15 U.S.C. § 1125(a)(1)(A));** <br><br> **3) FEDERAL UNFAIR COMPETITION – COUNTERFEIT GOODS (15 U.S.C. § 1125(a)(1)(B)); AND** <br><br> **4) UNFAIR BUSINESS PRACTICES (CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17200, *et seq.*)** <br><br> **DEMAND FOR JURY TRIAL** |

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

Plaintiff Alo, LLC ("Plaintiff" or "Alo"), by and through its undersigned attorneys, files this complaint against Defendants JB Bros Deals Final Sale, a business, Boris Burgos, an individual, and John Does 1-7, businesses and individuals whose identities are yet unknown but whose names will be added to the proceedings once discovered, and who own and/or assist in running a business on the OfferUp.com platform under the name "JB Bros Deals Final Sale" (together "Defendants"), and alleges as follows:

**INTRODUCTION**

1.      Alo is the owner of the well-known apparel and health-and-wellness brand, "alo."  Alo has marketed and sold products under the "alo" brand since 2007, and because of its continuous and extensive advertising, promotion, and sales efforts, the "alo" brand has developed considerable goodwill and reputation throughout the United States and internationally, where it is regarded as a premium apparel and health-and-wellness company that specializes in luxury activewear.

2.      Alo's high-quality product offerings range from fashionable athleisure and yoga apparel, accessories, and footwear to skincare and a number of other beauty and wellness products.  Alo has a portfolio of ALO and ALO-formative trademarks (the "ALO Marks"), each of Alo's products bears at least one of its distinctive trademarks, and as a result of Alo's significant investment in the promotion of those marks, consumers have come to recognize and rely on the ALO Marks as indicators of Alo's premium products.

3.      Defendants are engaged in the unlawful sale of counterfeit "alo" branded products.  The sale of such counterfeit products by Defendants has caused consumer confusion and has significantly harmed Alo and the well-earned consumer goodwill associated with its brand.  Alo now brings this action to put an end to Defendants' unlawful and infringing conduct and to recover

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

fully for the monetary damages and significant harm to Alo's brand and reputation caused by Defendants.

## THE PARTIES

4.     Plaintiff Alo is a California limited liability company with its principal place of business in Los Angeles County, California.  Alo's sole member is Alo Alliance, LLC ("Alo Alliance"), a Delaware limited liability company with its principal place of business in Los Angeles County, California. Alo Alliance's members are Color Image Apparel, Inc., a California corporation with its principal place of business in Los Angeles County, California, and individuals Daniel Harris and Marco DeGeorge, both domiciled in California.

5.     Upon information and belief, Defendant JB Bros Deals Final Sale operates and is domiciled in Los Angeles County, with a principal address of 12500 Poinsettia Ave, El Monte, California, 91732 ("JB Bros"); Defendant Boris Burgos also operates, resides and is domiciled in San Mateo County with a principal address of 12500 Poinsettia Ave, El Monte, California, 91732 ("Burgos").  Defendants Does 1-7 reside, operate and are domiciled in Los Angeles County, California.

## JURISDICTION AND VENUE

6.     This action arises under the Lanham Act, 28 U.S.C. § 1051 *et seq.*, and this Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338 because (i) claims herein arise out of federal trademark laws as codified in 15 U.S.C. § 1114 and 15 U.S.C. § 1125(a); and (ii) the California unfair business practices claim herein is brought with substantial and related claims based on trademark laws.

7.     Further, this Court has supplemental jurisdiction under 28 U.S.C. § 1367 over the pendent state law claim because that claim is so related to Alo's claims under federal law that they form part of the same case or controversy and derive from a common nucleus of operative facts.

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

8.     This Court has personal jurisdiction over Defendants because Defendants reside in this District and because Defendants have engaged in business activities in this District, directed business activities at this District, and committed acts with the knowledge that the effects of those acts would be felt by Alo in this District.

9.     Venue is proper in the Central District of California pursuant to 28 U.S.C. § 1391 because Defendants reside in this District and because a substantial part of the events or omissions giving rise to Alo's claims occurred in this District.

## GENERAL ALLEGATIONS

**A.     The ALO Marks**

10.     Alo is a California-based apparel and health-and-wellness company.  Its mission is to spread mindful movement, inspire wellness, and create community.

11.     Alo was founded in Los Angeles, California in 2007 to raise awareness and enthusiasm for yoga by offering high-quality, fashionable yoga clothing to consumers.  Alo has operated continuously since its founding and has grown into the well-respected brand it is today.  In the United States and around the world, Alo is regarded as a premium apparel and health-and-wellness company, and as a global leader in luxury activewear design and fabrication.

12.     Genuine Alo products are exclusively sold through Alo's website (www.aloyoga.com) and its brick-and-mortar stores in the United States and abroad.  Alo's product offerings encompass all manner of athletic and yoga-related clothing and accessories, including sneakers, yoga mats, yoga straps, yoga blocks, socks, hats, hair accessories, bags, sunglasses, undergarments, and beauty and wellness products.

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

13.     Alo's products are marketed using the ALO Marks, which are inherently distinctive and serve as signifiers of Alo's premium apparel and other products.  Based on that inherent distinctiveness and their significant consumer recognition and goodwill, the ALO Marks are entitled to broad common law trademark rights for goods and services including, but not limited to, athletic and yoga apparel and accessories and retail services for the same. The stylized ALO logo, which has been consistently used in Alo's branding, online marketing, product packaging, signage for its retail outlets, and other advertising, appears as follows:

# alo

(the "Alo Logo").

14.     Alo has also successfully registered a number of the ALO Marks with the U.S. Patent and Trademark Office, including:

    a.     Reg. No. 3875869, ALO, for "men's clothing, namely, pants, shirts, vests, jackets, hooded jackets and women's clothing, namely, pants, shirts, vests, jackets, hooded jackets, sports bras," filed on December 11, 2009, and registered on the Principal Register on November 16, 2010;

    b.     Reg. No. 4519311, ALO SPORT, for "men's clothing, namely, pants, shirts, jackets, and women's clothing, namely, pants, shirts, jackets, sports bras," filed on March 1, 2012, and registered on the Principal Register on April 22, 2014;

    c.     Reg. No. 5172308, ALO YOGA, for "Athletic bags;" "Men's clothing, namely, pants, shirts, jackets, and women's clothing, namely, pants, shirts, jackets, sports bras, tights;

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

Scarves, leg warmers, headbands;" "Yoga mats," filed on August 28, 2015, and registered on the Principal Register on March 28, 2017;

d. Reg. No. 5172309, ALO, for "Athletic bags;" "Headbands; Leg warmers; Scarves; Tights;" "Yoga mats," filed on August 28, 2015, and registered on the Principal Register on March 28, 2017; and

e. Reg. No. 6137833, ALOSOFT, for "Apparel, namely, bottoms as clothing, bras and sports bras," filed on August 27, 2019, and registered on the Principal Register on August 25, 2020.

15. Alo has also applied for, and has an approved trademark application at the US Trademark Office for the ALO Mark as follows:

a. App. No. 98085815, ALO, for "Headwear; tops as clothing; bottoms as clothing; slippers; boots; sandals; footwear, namely, flip flops; footwear, namely, slides; sneakers; soles for footwear; sleepwear; pajamas; nightgowns; hosiery; lingerie; robes; brassieres; bras; underwear; briefs; boxer shorts; panties; slips being undergarments; undergarments; camisoles; shapewear, namely, control panties, control slips and control garments, namely, control full and half-slips, biker shorts and lingerie; bathing suits; swim trunks; beachwear; beach coverups; swim suits; bikinis; athletic apparel, namely, shirts, pants, shorts, jackets, hats and caps; yoga socks; barre socks; athletic uniforms; sport singlets; sports jerseys; gym shorts; warm-up suits; yoga tops; yoga pants; athletic tights; leggings; sports tights; body suits; sports stockings; socks; sports skirts being tennis skirts;

6

belts for clothing; clothing, namely, base layers; suits; overalls; t-shirts; tank tops; sweaters; bodysuits; sweatshirts; hooded sweatshirts; sweat pants; tankinis; cardigans; pullovers; sport jerseys; skirts; leotards; unitards; dresses; pants; sweatpants; shorts; trousers; shoulder wraps for clothing; clothing wraps; tennis dresses; clothing for dancers, namely, bras, jackets, pants, shorts, close-fitting one-piece garments and jumpsuits; ties as clothing; bandanas being neckerchiefs; wristbands as clothing; caps being headwear; hats; baseball hats; visors being headwear; caps with visors; berets; hoods as clothing; shower caps; sleep masks; maternity leggings, namely, leggings featuring built-in maternity bands; jeggings, namely, pants that are partially jeans and partially leggings; clothing, namely, leggings, tights, stretch pants, camisoles, and shirts containing slimming substances; fabric sold as an integral component of finished clothing items, namely, tights, leggings, yoga pants, leg warmers, leotards, bodysuits, pants, sweatpants, shorts, t-shirts, shirts, tank tops, sweatshirts, sweaters, skirts, dresses, coats, jackets, scarves, arm warmers, gloves, underwear, bras, socks, hats, caps, headbands, belts; trench coats; raincoats; rain jackets; outer jackets; coats; shell jackets; vests; ponchos; kimonos; clothing, namely, neck warmers; muffs; gloves; mittens; waterproof jackets and pants; ear muffs being clothing," filed on July, 2023, and with the notice of allowance issuing on August 13, 2024.

16.    The above referenced trademark registrations and the notice of allowance for USPTO application no. 98085815 are attached hereto as **Exhibit**

7

**A**. The registrations are subsisting and constitute *prima facie* evidence of the validity of, and Alo's exclusive rights to use, the identified marks. Moreover, Reg. Nos. 3875869, 4519311, 5172308, and 5172309 have achieved incontestable status, and constitute *conclusive* evidence of the validity of, and Alo's exclusive rights to use, the ALO Marks.

**B.    Defendants' Unlawful Sale of Counterfeit "Alo" Products**

17. Beginning at a time that is currently unknown to Alo, and without Alo's consent, Defendants unlawfully offered to sell, facilitated the sale of, sold and continue to sell goods that were neither made by Alo nor by its authorized manufacturers, all by using reproductions, counterfeits, copies and/or colorable imitations of Alo products and the ALO Marks ("Counterfeit 'Alo' Products").

18. For example, on October 22, 2025, a representative of Alo initiated a purchase from Defendants' online seller page on the e-commerce platform <offerup.com>; Defendants' seller page is hosted at https://offerup.com/p/1008710 and Defendants operate under the name JB Bros Deals Final Sales. A true and correct screenshot of the JB Bros seller page as it appeared in the autumn of 2025 is attached hereto as **Exhibit B** and includes listings for the following products that Alo believes are Counterfeit "Alo" Products: an ALO water bottle; ALO chill shorts; ALO Airbrush High-waisted pants; ALO Airbrush High-waisted shorts; ALO tank tops; ALO sneakers.

19. The Alo representative contacted Defendants to purchase a product purporting to be an "ALO Airlift Solar Visor" from a listing hosted at: https://offerup.com/item/detail/6876e43a-5c9c-37a3-b7d8-e93968c62c1d. True and correct screenshots of Defendants' listings for the Counterfeit "Alo" Products on the OfferUp.com platform as they appeared on October 22, 2025 are attached hereto as **Exhibit C**.

Alo's representative ultimately made the purchase via the PayPal platform on November 12, 2025. The Alo representative was not provided with

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

a receipt from the purchase as, after initially contacting Defendants through the OfferUp.com platform, the conversation with Defendants was moved to text message from a phone number at (626) 627-7472.  A true and correct screenshot of the text conversation between the Alo representative and Defendants and the receipt for the PayPal payment are attached hereto as **Exhibit D**.  In Exhibit D, correspondence from JB Bros is aligned on the left and correspondence from the Alo representative is aligned on the right.  The individual seller who received the payment via PayPal is identified as Boris Burgos in the PayPal receipt.  Further, JB Bros provided the email [burgosboris@yahoo.com](mailto:burgosboris@yahoo.com) for the PayPal transaction. The Alo representative was charged $28 for the product and $5.99 for shipping; no sales tax was charged.

20.    The products were shipped to an address in Woodland Hills, California and received by Alo's representative on November 25, 2025.  The return sender information on the exterior packaging was listed as: JB Bros Deals, 12500 Poinsettia Ave, El Monte, California, 91732 ("12550 Poinsettia").  True and correct photos for the exterior packaging of the shipment are attached hereto as **Exhibit E**.

21.    The product, as sold by Defendants, each bore at least one ALO Mark on the product itself and had at least two branded tags with the ALO Mark.  True and correct photos of the Counterfeit "Alo" Products that were received from JB Bros and Boris Burgos are attached hereto as **Exhibit F.**

22.    Alo has subsequently inspected the purchased product and confirmed that the "Alo" branded apparel products sold by Defendants are counterfeit.

23.    As of January 10, 2026, Defendants continued to maintain listings for Counterfeit "Alo" Products on the OfferUp.com platform.  True and correct screenshots of the JB Bros Deals Final Sale page from January 10, 2026, which displays listings for Counterfeit "Alo" Products on the OfferUp.com platform,

9

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

are attached hereto as **Exhibit G.**  Upon information and belief, as of January 10, 2026 Defendants purported to offer for sale additional Counterfeit "Alo" Products in the nature of puffer jackets; sherpa bomber coats; sweatpants; crewneck shirts; running shoes; gym sets; hoodies; pullovers; water bottles; shorts; tank tops; caps; visors; tennis skirts; muse sets; fanny packs; head bands; yoga fitness bags; socks; and beanie hats.

24.    On January 13, 2026, Alo filed a complaint in the Central District of California against Defendants, based on their sale of Counterfeit "Alo" Goods (the "Original Complaint").  A copy of the Original Complaint in Case 2:26-cv-00297-KS is attached hereto as **Exhibit H.**  Defendants JB Bros Deals Final Sales and Burgos received service of the summons and Original Complaint on March 10, 2026 at 12550 Poinsetta, along with a letter from Alo's counsel.  Copies of the proof of summons to Defendant JB Bros and Burgos are attached hereto as **Exhibit I**.  A copy of the letter sent by Alo's counsel is attached hereto as **Exhibit J**.

25.    The same day as being served the Original Complaint, Defendant Burgos called Alo's counsel to discuss the lawsuit from his phone number at (626) 627-7472, further confirming Defendants' receipt and awareness of the lawsuits and of Alo's rights.  A screenshot of the iPhone record from March 10, 2026, originating from number (626) 627-7472, for this call is attached hereto as **Exhibit K**.

26.    Defendants failed to file an answer or otherwise respond to the Original Complaint and the clerk issued an entry of default on April 3, 2026 pursuant to Fed. R. Civ. P. 55(a).  A copy of the default by the clerk is attached hereto as **Exhibit L**.

27.    On March 19, 2026, more than a week after being served with the Original Complaint, an Alo representative observed Defendants selling Counterfeit "Alo" Products out of a garage located at 12550 Poinsettia.  During

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

the visit to the garage, the representative observed Counterfeit "Alo" Goods in the nature of jackets, leggings, and crewneck shirts.  The representative observed more than one hundred counterfeit "Alo" jackets, one hundred "Alo" crew necks, and seventy-five pairs of "Alo" leggings.  Photos of plastic bins in the garage containing Counterfeit "Alo" Products are attached hereto as **Exhibit M**.  In the photos the Alo Marks—including ALO Logo and ALO YOGA marks—are visible on product tags, the plastic bag for the products, and emblazoned on the product itself.  A photo of Defendant Burgos taken during the Alo representative's visit to the store is attached hereto as **Exhibit N**.

28.    Alo's representative received instructions that products could be purchased at 12500 Poinsettia via text messages sent by Defendant Burgos from the phone number at (626) 627-7472.  During the visit to 12500 Poinsettia, Burgos informed the Alo representative that he had recently received a letter from Alo and was no longer shipping products as he believed he had been caught this way.  He also told the Alo representative that he intended to pick up more Alo soon.

29.    Upon information and belief, Defendants' unlawful sale, and offering for sale, of such Counterfeit "Alo" Products was either knowing and intentional, or undertaken with willful ignorance of the counterfeit nature of the products.

30.    Alo withdrew its Original Complaint without prejudice on May 6, 2026.

**C.    Consumer Confusion and Harm Caused by Defendants' Sale of Counterfeit "Alo" Products**

31.    Defendants do not have the authority to use the ALO Marks or trademarks confusingly similar to the ALO Marks in connection with its goods or services, nor are Defendants affiliated with Alo or otherwise known as Alo.

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

32. Alo has not authorized any third party, including Defendants, to market or sell apparel or yoga-related products in connection with the ALO Marks. The Counterfeit "Alo" Products are therefore not manufactured in accordance with Alo's own stringent quality controls but are instead manufactured outside of Alo's knowledge and control, using unknown materials, in unknown locations and with unknown manufacturing requirements and controls.

33. The Counterfeit "Alo" Products sold by Defendants are also of a substantially lower quality than genuine Alo products.

34. Upon information and belief, Defendants are actively using, promoting, and otherwise advertising, distributing, selling and/or offering for sale Counterfeit "Alo" Products bearing the ALO Marks with the intent that such goods will be mistaken for genuine Alo products, despite Defendants' knowledge that it does not have authority to use the ALO Marks.

35. As a result of Defendants' activities, there is a high likelihood of confusion between the counterfeit products sold by Defendants, on the one hand, and genuine Alo products, on the other hand, harming Alo's brand and goodwill with consumers, who will be deceived that they are purchasing genuine Alo products when they are not. Purchasers and prospective purchasers using or simply viewing the Counterfeit "Alo" Products and who perceive a defect, lack of quality, or any other irregularity are likely to mistakenly attribute this issue to Alo, to the detriment of Alo's business and the Alo brand. The harm caused by Defendants' unlawful conduct is ongoing and continues to cause confusion and disappointment to consumers due to the inferior quality of the Counterfeit "Alo" Products sold by Defendants and due to the suggested affiliation, connection, or association between Alo and Defendants that does not exist, including as to the suggested origin,

sponsorship, authorization, and/or approval by Alo of Defendants' sale of those products.

36.     Defendants' unauthorized use of the ALO Marks began after Alo legally established the existence and significant value of such trademarks, including after Alo's adoption and use of the ALO Marks and after Alo obtained the United States trademark registrations listed above.

37.     Defendants' unlawful conduct has caused monetary harm to Alo, as well as irreparable harm to Alo's brand and reputation.  Without court intervention, Defendants will continue to sell products that infringe on the ALO Marks, to Alo's detriment and to the detriment of deceived consumers.

## FIRST CAUSE OF ACTION

### Federal Trademark Infringement – Counterfeit Goods

### 15 U.S.C. § 1114(1)

38.     Alo realleges and incorporates by reference each and every allegation in the preceding and foregoing paragraphs.

39.     Defendants, without Alo's authorization, used the ALO Marks, or trademarks that are a colorable imitation thereof, in commerce on or in connection with the sale, offering for sale, distribution, promotion, and/or advertising of their goods and/or services, and such use is likely to cause confusion, or to cause mistake or to deceive.

40.     Upon information and belief, Defendants' acts have been committed willfully and with knowledge of Alo's exclusive rights and goodwill in the ALO Marks, as well as with bad faith and the intent to cause confusion, or to cause mistake and/or to deceive.

41.     Alo alleges, on information and belief, that Defendants derived, received, and will continue to derive and receive from the aforesaid acts of infringement, gains, profits and advantages in an amount not yet ascertainable,

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

but that will be determined during this action or is to be considered in relation to a request for statutory damages.

42. As a result of Defendants' trademark infringement and counterfeiting, Alo has suffered and will continue to suffer substantial and irreparable injury, loss, and damage to its rights in and to the ALO Marks and the goodwill associated therewith, for which it has no adequate remedy at law.

43. As a result of the acts of Defendants, Alo has suffered and will continue to suffer losses, including loss of business opportunities, and, if not permanently enjoined, Defendants will have unfairly derived and will continue to unfairly derive income, profits, and business opportunities as a result of their acts and infringement.

44. As the acts alleged herein constitute infringement of the ALO Marks in violation of the Lanham Act, 15 U.S.C. § 1114, and as Alo has no adequate remedy at law, Alo is entitled to injunctive relief as well as monetary damages and other remedies provided by 15 U.S.C. §§ 1116, 1117, and 1118, including Defendants' profits, treble damages, reasonable attorneys' fees, costs, and prejudgment interest.

45. Further, Defendants' spurious designation of their Counterfeit "Alo" Products, using the ALO Marks, constitutes knowing use by Defendants of at least one "counterfeit mark" as defined in 15 U.S.C. §1116(d)(1)(B). As such, Alo reserves the right to elect, at any time before final judgment is entered in this case, an award of statutory damages pursuant to 15 U.S.C. § 1117(c)(1) or (2). Alo alleges on information and belief that Defendants knowingly and willingly engaged in the acts complained of above with oppression, fraud, malice, and in conscious disregard of Alo's rights. Alo is, therefore, entitled to the maximum statutory damages allowable.

## SECOND CAUSE OF ACTION

### Federal False Designation of Origin – Counterfeit Goods

### 15 U.S.C. § 1125(a)(1)(A)

46.    Alo realleges and incorporates by reference each and every allegation in the preceding and foregoing paragraphs.

47.    Defendants' acts as alleged herein constitute false designation of origin in violation of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

48.    In connection with its goods and services, Defendants, without authorization, used in commerce the ALO Marks or trademarks confusingly similar to the ALO Marks in a manner that constitutes false designation of origin and/or sponsorship of such goods and services, and is likely to cause confusion or to cause mistake or to deceive as to the affiliation, connection, or association of Defendants with Alo and/or as to the origin, sponsorship, affiliation, or approval of Defendants' goods or services or commercial activities.

49.    Upon information and belief, Defendants' acts have been committed willfully and with knowledge of Alo's exclusive rights and goodwill in the ALO Marks, as well as with bad faith and the intent to cause confusion, or to cause mistake and/or to deceive.

50.    Alo alleges, on information and belief, that Defendants derived, received, and will continue to derive and receive from the aforesaid acts of infringement, gains, profits and advantages in an amount not yet ascertainable, but that will be determined during this action or to be considered in relation to a request for statutory damages.

51.    As a result of the acts of Defendants, Alo has been irreparably harmed.  If Defendants are not enjoined from their wrongful conduct constituting false designation of origin as described herein, Alo will continue to suffer substantial and irreparable injury, loss, and damage to its rights in and to

15

the ALO Marks and the goodwill associated therewith, for which it has no adequate remedy at law.

52.    As a result of the acts of Defendants, Alo has suffered and will continue to suffer losses, including loss of business opportunities, and, if not permanently enjoined, Defendants will have unfairly derived and will continue to unfairly derive income, profits, and business opportunities as a result of its acts and infringement.

53.    As the acts alleged herein violate the Lanham Act, 15 U.S.C. § 1125(a), and as Alo has no adequate remedy at law, Alo is entitled to injunctive relief as well as monetary damages and other remedies provided by 15 U.S.C. §§ 1116, 1117, and 1118, including Defendants' profits, treble damages, reasonable attorneys' fees, costs, and prejudgment interest.

## THIRD CAUSE OF ACTION

### Federal Unfair Competition – Counterfeit Goods

### 15 U.S.C. § 1125(a)(1)(B)

54.    Alo realleges and incorporates by reference each and every allegation in the preceding and foregoing paragraphs.

55.    Defendants' actions as alleged herein constitute unfair competition in violation of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B).

56.    In connection with its goods and services, Defendants, without authorization, used in commerce the ALO Marks or trademarks confusingly similar to the ALO Marks in a manner that constitutes a false or misleading representation of fact and unfair competition, and is likely to cause confusion or to cause mistake or to deceive as to the affiliation, connection, or association of Defendants with Alo and/or as to the origin, sponsorship, affiliation, or approval of Defendants' goods or services or commercial activities.

57.    Upon information and belief, Defendants' acts have been committed willfully and with knowledge of Alo's exclusive rights and goodwill

16

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

in the ALO Marks, as well as with bad faith and the intent to cause confusion, or to cause mistake and/or to deceive.

58.     Alo alleges, on information and belief, that Defendants derived, received, and will continue to derive and receive from the aforesaid acts of infringement, gains, profits and advantages in an amount not yet ascertainable, but will be determined during this action or to be considered in relation to a request for statutory damages.

59.     As a result of the acts of Defendants, Alo has been irreparably harmed.  If Defendants are not enjoined from their wrongful conduct constituting false or misleading representation of fact and unfair competition as described herein, Alo will continue to suffer substantial and irreparable injury, loss, and damage to its rights in and to the ALO Marks and the goodwill associated therewith, for which it has no adequate remedy at law.

60.     As a result of the acts of Defendants, Alo has suffered and will continue to suffer losses, including loss of business opportunities, and, if not permanently enjoined, Defendants will have unfairly derived and will continue to unfairly derive income, profits, and business opportunities as a result of its acts and infringement.

61.     As the acts alleged herein violate the Lanham Act, 15 U.S.C. § 1125(a), and as Alo has no adequate remedy at law, Alo is entitled to injunctive relief as well as monetary damages and other remedies provided by 15 U.S.C. §§ 1116, 1117, and 1118, including Defendants' profits, treble damages, reasonable attorneys' fees, costs, and prejudgment interest.

## FOURTH CAUSE OF ACTION

### Unfair Business Practices

### Cal. Business & Professions Code § 17200, *et seq.*

62.     Alo realleges and incorporates by reference each and every allegation in the preceding and foregoing paragraphs.

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

63.    Defendants' actions described herein constitute unlawful, unfair, and/or fraudulent business practices.  Defendants' actions thus constitute unfair competition pursuant to Cal. Business & Professions Code § 17200, *et seq*.

64.    Alo has suffered an injury in fact, including—without limitation—an amount to be proven at trial and in the diminution of value of its trademarks and goodwill, as a proximate result of Defendants' unfair competition.

65.    Alo requests that the Court order Defendants to disgorge all profits wrongfully obtained as a result of Defendants' unfair competition, and order Defendants to pay restitution to Alo in an amount to be proven at trial.

66.    Defendants' actions have caused, and will continue to cause, Alo to suffer irreparable harm unless enjoined by this Court.

## **PRAYER FOR RELIEF**

Alo respectfully prays for the following relief:

1.    For entry of judgment in favor of Alo and against Defendants on each of Alo's claims for relief alleged in this Complaint;

2.    For an order that Defendants, their agents, employees, and any related person or entity acting in concert with them, be preliminarily and permanently enjoined and restrained from unlawfully using and/or counterfeiting the ALO Marks, or any mark confusingly similar to the ALO Marks;

3.    For an order requiring Defendants and all others acting under Defendants' authority, at their own cost, to deliver for destruction any and all products in Defendants' possession that infringe on the ALO Marks pursuant to 15 U.S.C. § 1118;

4.    Pursuant to 15 U.S.C. § 1116, including upon *ex parte* application, an order for the seizure of goods and counterfeit marks, and records documenting the manufacture, sale, or receipt of things involved in trademark violations;

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

5.   For purposes of equitable relief, an order requiring that Defendants provide complete and accurate accountings any ill-gotten gains or illegal transactions entered into from the infringement of the ALO Marks;

6.   For an order that an asset freeze or constructive trust be imposed over all monies and profits in Defendants' possession that rightfully belong to Alo;

7.   For a determination that Defendants' acts of trademark infringement and counterfeiting constitute cases of willful and exceptional infringement;

8.   For actual damages as a result of Defendants' unlawful conduct, alleged above, as well as any profits that are attributable to the alleged conduct and are not otherwise taken into account in the computing of Alo's actual damages;

9.   In the alternative to Defendants' profits and Alo's damages for trademark infringement, an award of statutory damages pursuant to 15 U.S.C. § 1117(c) of $2,000,000.00 for each of the counterfeited trademarks willfully utilized by Defendant per type of goods sold, offered for sale, or distributed;

10.   For maximum statutory damages available under the law to the extent Alo elects statutory damages for any claim for relief;

11.   For reasonable attorney's fees to the fullest extent available under the law;

12.   For treble, exemplary, and/or enhanced damages to the fullest extent available under the law;

13.   For prejudgment interest and the costs of prosecuting these claims to the fullest extent available under the law;

14.   For any additional injunctive, specific performance, and/or other provisional remedies, as appropriate; and

15.   For such other relief as the Court deems just and proper.

19

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

# JURY DEMAND

Plaintiff Alo, LLC, hereby demands trial by jury on all issues so triable, pursuant to Fed. R. Civ. P. 38(b).

Dated: May 6, 2026　　　　　　　　　NAME GAME IP, PC

　　　　　　　　　　　　　　　　By:　　　　s/Hillary I. Schroeder/
　　　　　　　　　　　　　　　　　　　　　HILLARY I. SCHROEDER
　　　　　　　　　　　　　　　　　　　　　Attorneys for Plaintiff
　　　　　　　　　　　　　　　　　　　　　Alo, LLC
　　　　　　　　　　　　　　　　　　　　　Email: hillary@namegameip.com

20

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF